IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


GIUSEPPE VERDONE, JR.,

      Appellant,

v.                                                                                        Case No.  5D15-2937

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 1, 2016

Appeal from the Circuit Court
for Flagler County,
J. David Walsh, Judge.

James S. Purdy, Public Defender, and
Edward J. Weiss, Assistant Public
Defender, Daytona Beach, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lori N.  Hagan,
Assistant Attorney General, Daytona
Beach, for Appellee.


PER CURIAM.

      Giuseppe Verdone, Jr. appeals his convictions for robbery with a weapon,

kidnapping with a weapon, burglary with an assault or battery, and battery.  As the State

properly concedes, double jeopardy principles preclude Verdone's conviction for simple

battery.  *See, e.g.*, *Young v. State*, 43 So. 3d 876, 877 (Fla. 5th DCA 2010) ("Convictions

for both burglary with a battery and for the lesser included offense of battery violate double jeopardy." (citations omitted)).  As in *Young*, the verdict form in this case gave no indication as to whether the jury found Verdone to have committed a "burglary with an assault" or a "burglary with a battery," requiring that we "read the verdict in a manner that would give the benefit of the doubt to [the defendant]." *Id.*  For this reason, we reverse the simple battery conviction and time-served sentence.  Verdone also argues that the trial court erred by allowing collateral crime evidence to be used under the inextricably intertwined doctrine.  Finding no error in the admission of the collateral crime evidence, we affirm all other convictions and sentences.

AFFIRMED IN PART; REVERSED IN PART.

LAWSON, C.J., LAMBERT and EDWARDS, JJ., concur.